# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BILLY JOE DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01180 ERW |
| | ) | |
| WILLIAM MCKINNEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Billy Draper (registration no. 534404), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.92. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.58, and an average monthly balance of $3.94. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.92, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical malpractice. Named as defendant is William McKinney, a physician for Correctional Medical Services. The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on August 28, 2005, he suffered a seizure. Plaintiff claims that, as a result of the seizure, he injured his head and left elbow. Plaintiff says that he underwent a CT scan on September 2, 2005, and that he was given an X-ray on May 23, 2006. Plaintiff alleges that defendant McKinney told him that the results of the X-ray demonstrated that there was no damage to his left elbow. Plaintiff disagrees with McKinney's diagnosis and states that he continues to suffer pain in his left elbow.

## Discussion

To state a claim for medical mistreatment under 42 U.S.C. § 1983, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "The failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Id. (quoting Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)). "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. . . . Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." Id.

The allegations in the instant complaint do not rise to the level of objective seriousness necessary to show unconstitutional medical mistreatment. Plaintiff has not

alleged that there is or ever was an excessive risk to his health that McKinney ignored. Instead, the allegations go to negligence and to plaintiff's disagreement with McKinney's interpretation of the X-rays. As a result, the complaint fails to state a claim under § 1983 and it will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.92 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 25th Day of October, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE